E-FILED  2020 SEP 02 10:19 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY, IOWA

| | | |
|---|---|---|
| **MARY BLUME,** | * | Case No. _____ |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | |
| | * | **PETITION** |
| | * | **AND JURY DEMAND** |
| **EYERLY-BALL COMMUNITY** | * | |
| **MENTAL HEALTH SERVICES,** | * | |
| | * | |
| **Defendant.** | * | |

COMES NOW the Plaintiff, Mary Blume, by and through her undersigned counsel, and for her cause of action against Eyerly-Ball Community Mental Health Services states as follows:

### PARTIES, VENUE & JURISDICTION

1. Plaintiff Mary Blume is and was at all times material hereto a citizen and resident of Des Moines, Polk County, Iowa.

2. Defendant Eyerly-Ball Community Mental Health Services is a non-profit entity incorporated in Iowa with its primary place of business in Des Moines, Polk County, Iowa.

3. The amount in controversy exceeds the jurisdictional requirements of the Iowa District Court in and for Polk County.

### CONDITIONS PRECEDENT

4. Within 300 days of the date of the last act of discrimination, Plaintiff filed a charge against Defendant with the Iowa Civil Rights Commission, which was cross-filed with the Equal Employment Opportunity Commission. A copy of said charge is attached hereto as Exhibit A and its contents are incorporated as if fully set forth herein.

**EXHIBIT B**

5. On June 30, 2020, the Iowa Civil Rights Commission issued an Administrative Release (letter of right-to-sue) to Plaintiff, a copy of which is attached hereto as Exhibit B.

6. Plaintiff has requested an Administrative Release (letter of right-to-sue) from the EEOC.

7. Plaintiff has complied with all conditions precedent to the filing of this cause of action.

## COUNT I
### Disability Discrimination, Failure to Accommodate and Retaliation
### Iowa Civil Rights Act, Iowa Code Chapter 216

8. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

9. Plaintiff Mary Blume (hereinafter "Blume") began working for Defendant on approximately February 5, 2018 as a full-time administrative receptionist.

10. In January 2020, Blume was diagnosed with an aortic aneurysm which would likely require surgery.

11. On approximately January 15, 2020 Blume notified Defendant of her aneurysm and her need for time off work for surgery and recovery, and that she had an appointment with the surgeon on February 11, 2020.

12. On January 31, 2020, Defendant terminated Blume's employment.

13. Defendant is a "person" under the Iowa Civil Rights Act.

14. An aortic aneurysm is an impairment of the cardiovascular system.

15. Due to her aortic aneurysm, Blume is substantially limited in the functioning of her cardiovascular system.

16. Blume is an individual with a disability as defined in the Iowa Civil Rights Act.

17. Blume requested reasonable accommodations for her disability in the form of a limited time off of work for surgery and recovery time to treat her disability.

18. Blume's request for accommodations for her disability was a factor in the decision to terminate her employment.

19. Blume's disability was a factor in the decision to terminate her employment.

20. Defendant failed to accommodate Blume's disability, in that rather than providing her reasonable accommodations, Defendants terminated her employment.

21. Defendant violated the Iowa Civil Rights Act by retaliating against Blume for requesting reasonable accommodations for her disability.

22. Defendant discriminated against Blume in violation of the Iowa Civil Rights Act by terminating her because of her disability.

23. As a proximate cause of Defendant's illegal actions, Blume has been damaged.

**WHEREFORE** the Plaintiff, Mary Blume, respectfully prays that this Court enter judgment against Defendant Eyerly-Ball Community Mental Health Services and award damages, including damages for emotional distress, mental anguish, compensatory relief, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT II
**Disability Discrimination, Failure to Accommodate and Retaliation
Americans with Disabilities Act, As Amended
42 U.S.C. § 12101 *et seq.***

24. Blume repleads the allegations set forth above as if fully set forth herein.

25. Blume is an individual with a disability as defined in the Americans with Disabilities Act, As Amended ("ADAAA").

26. Defendant is an employer as defined in the ADAAA.

27. Defendant violated the ADAAA by retaliating against Blume for requesting reasonable accommodations for her disability.

28. Defendant failed to provide reasonable accommodations to Blume in violation of the ADAAA.

29. Defendant terminated Blume because of her disability in violation of the ADAAA.

30. As a proximate cause of Defendant's illegal actions, Blume has been damaged.

31. Defendant acted with malice or reckless indifference to Blume's rights, and therefore she is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Mary Blume, respectfully prays that this Court enter judgment against Defendant Eyerly-Ball Community Mental Health Services and award damages, including damages for emotional distress, mental anguish, compensatory relief, punitive damages, reasonable attorney fees, court costs, with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT III
### Violation of the Family Medical Leave Act ("FMLA")
### 29 U.S.C. § 2301 *et seq.*

32. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

33. Defendant is an employer within the meaning of the FMLA.

34. Blume qualified for FMLA leave.

35. Blume's aortic aneurysm qualified as a "serious health condition" under the FMLA.

36. On about January 15, 2020 Blume gave Defendant notice of a serious health condition that was expected to require time off work for surgery and recovery.

37. Blume's notice to Defendant of her need for FMLA leave was timely.

38. Defendant informed Blume that she needed to apply for FMLA leave to cover her time off for surgery and recovery.

39. Defendant terminated Blume's employment before Blume could invoke her right to take FMLA-protected leave for treatment of her serious health condition.

40. Defendant terminated Blume's employment because she intended to take FMLA-protected leave.

41. Defendant's actions constituted unlawful interference with Blume's FMLA rights.

42. Defendant retaliated and/or discriminated against Blume because she had requested leave protected by the FMLA.

43. As a result of Defendant's conduct, Blume has been damaged.

**WHEREFORE** Plaintiff Mary Blume respectfully prays that this Court enter judgment against Defendant Eyerly-Ball Community Mental Health Services and award damages for lost wages, lost benefits, liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

### COUNT IV
**Wrongful Termination in Violation of Public Policy
of the State of Iowa**

44. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

45. Defendant services clients with various mental and emotional health issues.

46. Blume worked in the front reception area of Defendant's office and interacted with Defendant's clients on a daily basis.

47. On about January 28, 2020 a client of Defendant came to the office where Blume worked multiple times acting in an agitated, violent and threatening manner.

48. Blume reasonably believed her safety and the safety of other staff members was at risk and she was in danger of imminent harm.

49. Blume contacted the police department to report the violent client and requested assistance. An officer came to the office and diffused the situation.

50. After this incident, Blume complained to her supervisor that the client at issue frightened her and she felt she was in danger around him, and asked her supervisor to take effective measures to provide a safe work environment.

51. The same client returned to the office on about January 30, 2020 while Blume was working at the front desk, again in a very agitated and threatening state.

52. That afternoon, Blume complained to her supervisors again that she feared for her safety.

53. On January 31, 2020 Defendant terminated Blume's employment.

54. Defendant is an entity whose activities are regulated under the Iowa Occupational Health and Safety Act ("OSHA"), Iowa Code Chapter 88.

55. OSHA imposes on employers a general duty to protect employees from recognized hazards that are causing or are likely to cause death or serious physical harm. Iowa Code § 88.4.

56. The general duty imposed by Iowa Code § 88.4 includes the obligation to protect employees from workplace violence and recognized threats of workplace violence.

57. A condition or activity at Defendant's offices where Blume worked presented a hazard in the form of allowing one or more violent and/or threatening individuals open access to Blume's workplace, thereby exposing Blume and other staff to potential death or serious physical harm.

58. Defendant was on notice of the hazard.

59. Blume reasonably believed the hazard put her at imminent risk of being a victim of workplace violence.

60. A feasible and effective means existed to materially reduce the hazard of workplace violence.

61. Defendant failed to take feasible safety measures that would have materially reduced the hazard of workplace violence.

62. It is a public policy of the State of Iowa to protect from retaliation employees who complain of what they reasonably believe to be a workplace violence hazard.

63. Blume complained to Defendant that it was not taking adequately precautions against workplace violence and requested that Defendant take action to reduce the hazard.

64. Defendant terminated Blume in retaliation for complaining of what she reasonably believed to be a workplace violence hazard.

65. Defendant's termination of Blume violated the public policy of the State of Iowa.

66. Defendant acted with malice or with reckless indifference for Blume's rights, and therefore she is entitled to punitive damages.

**WHEREFORE** the Plaintiff, Mary Blume, respectfully prays that this Court enter judgment against Defendant Eyerly-Ball Community Mental Health Services and award damages, including damages for emotional distress, mental anguish, compensatory relief,

punitive damages, with interest as provided by law, and equitable relief, and any such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By   /s/ Melissa C. Hasso
Melissa C. Hasso            AT0009833
By   /s/ Emily E. Wilson
Emily E. Wilson             AT0013860
SHERINIAN & HASSO LAW FIRM
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone (515) 224-2079
Facsimile  (515) 224-2321
Email:  melissah_sherinianlaw@msn.com
            ewilson@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF

# IOWA CIVIL RIGHTS COMMISSION COMPLAINT FORM

515-281-4121 / 800-457-4416 / Fax: 515-242-5840 / https://icrc.iowa.gov

(AGENCY USE ONLY)

ICRC CP# _____
Local Commission# _____
EEOC# _____

Iowa Civil Rights Commission
400 East 14th Street
Des Moines, Iowa 50319-0201

(PLEASE TYPE OR PRINT LEGIBLY)

---------- SECTION 1 • COMPLAINANT INFORMATION ----------

Your legal name: __Mary A. Blume__
Your mailing address: __1960 Ascot Dr.__
City: __Des Moines__   State: __IA__   Zip Code: __50320__
Telephone #: __509-596-8200__
Email address: _____
Your date of birth: __09-28-1959__
Have you previously filed this complaint with any other federal, state, or local anti-discrimination agency?   ☐ Yes   ☒ No
If yes, what agency? _____ When? _____

---------- SECTION 2 • DISCRIMINATION INFORMATION ----------

1. Please indicate the AREA(S) in which the discrimination occurred.

   X Employment         Public Accommodation      Housing
     Education          Credit                    X Retaliation

2. Please indicate the ACTION(S) that the organization took against you.

     Demotion                              Failure to Train
   X Denied Accommodation or Modification  Forced to Quit/Retire
     Denied Benefits                       Harassment
     Denied Financial Services/Credit      Layoff
     Denied Service                        Reduced Hours
     Discipline                            Reduced Pay
     Eviction                              Sexual Harassment
     Failure to Hire                       Suspension
     Failure to Promote                  X Termination
     Failure to Rent                       Undesirable Assignment/Transfer
     Failure to Recall                     Unequal Pay
     Other: _____

3. Please indicate the BASIS(ES) or reasons for the discrimination.
   a. Do you believe you were discriminated against because of your race? __No__
      If yes, what is your race? _____
   b. Do you believe you were discriminated against because of your skin color? __No__

Page 1 of 5

EXHIBIT A

E-FILED  2020 SEP 02 10:19 AM POLK - CLERK OF DISTRICT COURT

If yes, what is your skin color? _____

c. Do you believe you were discriminated against because of your national origin? ____No____
   If yes, what is your national origin? _____

d. Do you believe you were discriminated against because of your sex? _____No_____
   If yes, what is your sex? _____

e. Do you believe you were discriminated against because of your sexual orientation? ___No___
   If yes, what is your sexual orientation? _____

f. Do you believe you were discriminated against because of your gender identity? __No_____
   If yes, what gender do you identify as? _____

g. Do you believe you were discriminated against because of a real or perceived disability? _Yes_
   If yes, what is your real or perceived disability? _Impairment to vascular/circulatory system – aortic aneurysm_

h. Do you believe you were discriminated against because of your religion or creed? __No__
   If yes, what is your religion or creed? _____

i. Do you believe you were discriminated against because of your pregnancy or pregnancy-related condition? _____No_____

j. If your complaint involves employment or credit, do you believe you were discriminated against because of your age? _____No_____
   If yes, do you believe you were discriminated because you are older or because you are younger? _____

k. If your complaint involves housing or credit, do you believe you were discriminated against based on your familial status? _____N/A_____
   If yes, how many children live with you? _____

l. If your complaint involves credit, do you believe you were discriminated against based on your marital status? _____N/A_____
   If yes, what is your marital status? _____

m. Do you believe you were retaliated against because you reported discrimination to someone within the organization, filed a complaint with the ICRC, or participated as a witness in an anti-discrimination agency proceeding? _I believe I was retaliated against for requesting an accommodation for my disability._
   If yes, what did you report or complain about, and to whom?
   _I requested a reasonable accommodation for my disability in the form of a limited amount of time off of work for surgery and recovery. I made this request to Abigail Schaefer in HR and to my supervisor, Kristina Barslou._
   State what happened to you as a result of your report or complaint.
   _I was fired on January 31, 2020, one week after I requested reasonable accommodations for my disability._

E-FILED  2020 SEP 02 10:19 AM POLK - CLERK OF DISTRICT COURT

4. What was the date (month/day/year) of the MOST RECENT discriminatory incident? (REQUIRED):
   January 31, 2020

5. If Employment is the Area, what is your hire date or application date? Feb. 17, 2017

6. Are you still employed by the organization that discriminated against you? ☐ Yes ☒ No
   If no, when did your employment end? January 31, 2020 (month, day, year)
   If no, how did your employment end?
   ☒ Terminated      ☐ Voluntary Quit      ☐ Forced to Quit/Retire

---------------------------SECTION 3 • RESPONDENT INFORMATION---------------------------

7. What is the full legal name of the organization that discriminated against you?
   [This organization will be charged with discrimination and given a copy of your complaint.]
   Eyerly-Ball Mental Health Services
   Address: 945 19th St.
   City: Des Moines      County: Polk      State: IA
   Zip Code: 50314      Telephone #: (515) 241 - 0982

8. If the organization listed in #7 has a parent organization or corporate office, list it here.
   [This organization will also be charged with discrimination and given a copy of your complaint.]
   _____
   Address: _____
   City: _____  State: _____
   Zip Code: _____ Telephone #: (___) ___ - ____

   If more than two respondents, please list additional organization or individual respondents, including name, job title, and address, on an attached piece of paper. The additional organizations/individual respondents will also receive a copy of the complaint.

9. Provide the address of the location where the discrimination occurred:
   945 19th St., Des Moines, IA 50314

10. Were you placed by a temporary firm agency at the organization that discriminated against you? [If the answer is yes and you wish to file a complaint against the temporary staffing firm, you will need to file a separate complaint form naming that firm].
    ☐ Yes ☒ No

11. If Employment is the Area, indicate approximate number of ALL employees (full-time and part-time) at ALL employer locations nationwide (REQUIRED):
    ☐ 4-14   ☐ 15-19   ☒ 20-100   ☐ 101-200   ☐ 201-500   ☐ 500+

E-FILED  2020 SEP 02 10:19 AM POLK - CLERK OF DISTRICT COURT

Mary A. Blume, Complainant

Eyerly-Ball Mental Health Services, Respondent

Additional individual respondents:

1. **Rebecca Parker**, Human Resources Representative
   Work address: 945 19th St., Des Moines, IA 50314
   (515) 241-0982

2. **Kristina Barslou**, Access Supervisor
   Work address: 945 19th St., Des Moines, IA 50314
   (515) 241-0982

RECEIVED IOWA CIVIL RIGHTS COMM'N 2020 FEB 17 AM 8:46

E-FILED  2020 SEP 02 10:19 AM POLK - CLERK OF DISTRICT COURT

---------------------------SECTION 4 • BRIEF SUMMARY OF ALLEGATIONS-------------------

Please describe what happened to you. State how you were discriminated against. What happened? When did it happen? Be sure to address each Action you checked on page one and each Basis you addressed on page two. *[Please read the instruction sheet before writing your brief summary.]*

On about January 12, 2020 I was diagnosed with an aeortic aneurysm, an impairment to my vascular/circulatory system. I was told I needed to undergo surgery to repair it quickly and was scheduled to meet with a surgeon on February 11 to discuss next steps.

On about January 15, 2020, I told Abigail Schaefer in HR about my impairment and my need for a reasonable accommodation of a limited time off of work for surgery and recovery. I told her my appointment date with the surgeon was February 11. That same day I told my supervisor, Kristina Barslou, about my impairment and requested the same reasonable accommodation from her.

On January 31, 2020 I was fired.

I believe my disability and my request for reasonable accommodations were factors in the decision to fire me, in violation of the Iowa Civil Rights Act.

I certify under penalty of perjury and pursuant to the laws of the State of Iowa and the laws of the United States of America that the preceding charge is true and correct.

X _Mary A. Blume_         2/14/2020
Signature of Complainant (REQUIRED)        Date

> It is not necessary that you provide any additional documentation at this time. Be aware that any additional documentation provided with your complaint form will be sent out to all named parties along with this form. An opportunity to provide additional documentation will be given at a later time if/when the complaint is accepted by the ICRC.

RECEIVED
IOWA CIVIL RIGHTS COMM
2020 FEB 17 AM 8:46

Administrative Release
(Letter of Right-To-Sue)

| To:<br><br>MARY BLUME<br>1960 ASCOT DR.<br>DES MOINES, IA 50320 | From:<br><br>Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
|---|---|
| Complaint CP# 02-20-74765     EEOC# 26A-2020-00357C | |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, 6/30/2020. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    MELISSA HASSO, Complainant's Attorney
    EYERLY-BALL MENTAL HEALTH SERVICES
    REBECCA PARKER
    KRISTIN BARSLOU


EXHIBIT B